UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH MCROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV421-350 |
| ) | |
| SHERIFF JOHN WILCHER, ) | |
| MAJOR BOYLES, and ) | |
| CORPORAL BOYLES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Joseph McRoberts, a prisoner at the Chatham County Detention Center, has submitted a complaint alleging that the prison's restrictions and delays prevent him from representing himself effectively in a *pro se* capacity, and that a guard sprayed him with an irritant. Doc. 1. He seeks to proceed *in forma pauperis* ("IFP"). Doc. 2. As McRoberts has on at least three prior instances filed meritless actions while proceeding IFP, this case should be **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This Court has previously noted that McRoberts has accrued more than three "strikes" under § 1915(g) by filing frivolous suits in this district.  *McRoberts v. Wilcher*, 4:21-CV-193, doc. 4 at 2 (S.D. Ga. June 2, 2021) (compiling McRoberts' dismissed civil actions constituting "strikes" under § 1915(g)), adopted doc. 8 (S.D. Ga. July 26, 2021).

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk.  *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court

2

with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

First, McRoberts' claim that the prison does not provide him with adequate resources to represent himself effectively as a *pro se* litigant does not constitute an "imminent danger of serious physical injury" under § 1915(g). *See Buffolino v. Mascara*, 2010 WL 2844487, at *4 (S.D. Fla. June 18, 2010) (prison denying prisoner from copying and mailing legal documents does not constitute "imminent danger of serious physical injury"); *Johnson v. Chase*, 2007 WL 710157, at *1 (M.D. Ga. Mar. 6, 2007) (confiscation and destruction of prisoner's legal documents does not constitute "imminent danger of serious physical injury"). Additionally, McRoberts' allegation that a prison guard sprayed him with an irritant does not constitute an "imminent danger of serious physical injury" because it is an allegation of a past assault, and does not indicate that he is in danger of a present threat. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . .").

As plaintiff has failed to allege an "imminent danger of serious physical injury," his motion to proceed IFP should be **DENIED**. Doc. 2. Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. *See, e.g.*, *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Therefore, it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**. Doc. 1.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of December, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA